IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORKTOWNE UROLOGY, P.C.,          :

        Plaintiff          :

                        :

        vs.          :          CIVIL NO. 1:CV-10-0644

                        :

NEUISYS, LLC,          :

        Defendant          :

## M E M O R A N D U M

        Plaintiff, Yorktowne Urology, P.C., filed a seven-count complaint against Defendant, Neuisys, LLC, arising from Plaintiff's purchase of a medical scanner from Defendant. Defendant filed a motion to dismiss all of the claims. On August 23, 2010, we denied the motion in part and granted it in part. We dismissed the following claims: (1) Count II, a claim for promissory and equitable estoppel; (2) Count IV, a claim based on express warranty; and (3) Count VI, a claim based on the Restatement (Second) of Torts § 402A. We allowed the following claims to proceed: (1) Count I, a fraudulent inducement claim; (2) Count III, a claim for breach of contract; and (3) Count VII, a claim for breach of the implied duty of good faith and fair dealing.

        We also allowed Count V to proceed, a claim for breach of implied warranties of merchantability and fitness, "but only for the limited purpose of allowing Plaintiff to seek other remedies under the North Carolina Uniform Commercial Code except for consequential damages . . . ." *Yorktowne Urology, P.C. v. Neuisys, LLC*, 2010 WL 3328067, at *7 (M.D. Pa. Aug. 23, 2010). We decided that Count V otherwise lacked merit because Defendant had validly disclaimed under N.C. Stat. Ann. § 25-2-316(2) any implied warranties of merchantability or fitness. S*ee* 2010 WL 3328067, at *6.

Defendant has filed a motion for reconsideration of our order of August 23, 2010, challenging our decision to allow Count V to proceed for the limited purpose we described. We made that decision because Plaintiff alleges that the express warranty had failed of its essential purpose and in those circumstances the North Carolina Commercial Code, N.C. Stat. Ann. § 25-2-719(2) allows a buyer to pursue other remedies under the Code.[1]

Defendant argues that was error, that once we found that Defendant had validly disclaimed any implied warranties of merchantability or fitness, we should have dismissed Count V in its entirety, even if the express warranty did fail of its essential purpose. Defendant points out that section 25-2-719(2) only allows a buyer to invoke other remedies under the Code, not to pursue a claim for a breach of a warranty the seller never provided. Defendant cites in support *Williams v. Hyatt Chrysler-Plymouth, Inc.*, 269 S.E.2d 184 (N.C. Ct. App. 1980).[2]

We agree. Defendant quotes *Williams* where the North Carolina Court of Appeals observed:

> Although G.S. 25-2-316 and G.S. 25-2-719 are closely related, the former is directed to the creation of a limited *duty* under the warranty, *see* Official Comment 2 to G.S. 25-2-316, whereas the latter is directed to the limitation of the *remedy* available in the event of a breach of that duty.

---

[1] The express warranty provided only that the scanner would "be free from defects in material or workmanship," (*id.*, Ex. B, Agreement ¶ 10, CM/ECF p. 4), and limited Defendant's obligation to "repair or replacement, at Seller's option, of defective parts." (Doc. 1-4, Compl., Ex. B, Agreement ¶ 10.2, CM/ECF p. 4). Plaintiff alleges that Defendant unsuccessfully attempted over a period of time to fix the scanner, 2010 WL 3328067, at *4, thereby causing the remedy to fail of its essential purpose.

[2] The August 23, 2010, order was interlocutory so we may grant the reconsideration motion "when consonant with justice to do so." *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102, 103 (M.D. Pa. 1989)(quoting *Jerry*); *see also Jairett v. First Montauk Sec. Corp.*, 153 F. Supp. 2d 562, 579-80 (E.D. Pa. 2001).

*Id.* at 188 (emphasis in *Williams*). We add that in *Williams* the trial court had concluded that there had been a limitation of remedies which had failed of its essential purpose, thereby allowing the plaintiff buyer to assert claims for breach of implied warranties of merchantability and of fitness for a particular purpose. *Id.* at 187. The court of appeals decided that there had been no limitation of remedies but also stated:

> Even if there had been a limitation which failed of its essential purpose, that failure would not have altered either the scope of Chrysler's express warranty or its disclaimer of all implied warranties. The remedy alone in such case would fail, but the terms of the express warranty would remain intact.

*Id.* at 189. *See also Billings v. Joseph Harris Co.*, 220 S.E.2d 361 (N.C. Ct. App. 1975), *aff'd*, 226 S.E.2d 321 (N.C. 1976), where the court of appeals stated:

> Disclaimers of express and implied warranties are governed by G.S. 25-2-314 and G.S. 25-2-316. Limitation or modification is subject to the provisions of G.S. 25-2-719. A disclaimer of liability serves to limit liability by reducing instances where a seller may be in breach, while a limitation or modification is a restriction on available remedies in event of breach.

220 S.E.2d at 365.

In ruling that Count V could continue for the "limited purpose" of pursuing other remedies under the Code, we relied on *Stutts v. Green Ford, Inc.*, 267 S.E.2d 919, 925-26 (N.C. Ct. App. 1980), and so Plaintiff understandably relies on that opinion in opposing the motion for reconsideration. However, in light of Defendant's current argument, *Stutts* is distinguishable. In *Stutts*, the court of appeals allowed a plaintiff to pursue other remedies under the Code when there was evidence that the contractual remedy of repair or replacement had failed of its essential purpose, but only to enforce a limited warranty against defective parts or workmanship. *Id.* at 923-24, 926. Here, on the other hand, Count V is based on a breach of the implied warranties of merchantability and fitness, warranties we had decided were disclaimed by Defendant. We therefore

should have dismissed Count V in its entirety.  *See generally, Iron Dynamics v. Alstom Power, Inc.*, No. 06-357, 2007 WL 3046430, at *5 (N.D. Ind. Oct. 15, 2007)("a failure of the essential purpose of the express warranties [does not] revive[ ] disclaimed implied warranties")(applying the Indiana Uniform Commercial Code)(citing cases from other jurisdictions).

We will issue an appropriate order.


!                                                    /s/William W. Caldwell
                                                     William W. Caldwell
                                                     United States District Judge

Date: October 14, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORKTOWNE UROLOGY, P.C.,                :

        Plaintiff                           :

                                 :

        vs.                                 :        CIVIL NO. 1:CV-10-0644

                                 :

NEUISYS, LLC,                           :

        Defendant                          :

## *O R D E R*

AND NOW, this 14th day of October, 2010, it is ordered that:

    1.  Defendant's motion (doc. 12) for reconsideration is granted.

    2.  Count V of Plaintiff's complaint, a claim for the breach of implied warranties of merchantability and fitness, is hereby dismissed.

                    /s/William W. Caldwell
                  William W. Caldwell
                  United States District Judge